# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HOWARD S. NEFT, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED CONTINENTAL HOLDINGS, INC., and UNITED AIRLINES, INC. and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. 1:16-cv-765<br><br>Hon. Robert M. Dow, Jr. |

# UNITED'S MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

THE COMPLAINT AND UNITED'S SILVER WINGS PLUS PROGRAM............................. 3

    A.    Plaintiff's Allegations. ................................................................................. 3

    B.    The Silver Wings Plus Terms and Conditions ........................................... 4

ARGUMENT ....................................................................................................................... 5

I.    Legal Standards. ................................................................................................... 5

II.    Plaintiff Cannot State a Breach of Contract Claim Because United Complied With the Terms and Conditions. ........................................................................................... 6

III.    Plaintiff's Breach of Contract Claim is Preempted................................................ 8

    A.    Plaintiff Does Not Seek to Enforce United's Self-Imposed Obligation. ................ 9

    B.    Plaintiff Seeks a Refund That Enlarges United's Self-Imposed Obligation Under the Contract. ................................................................................. 11

IV.    The ADA Preempts Plaintiff's Good Faith and Fair Dealing Claim. ................ 12

CONCLUSION................................................................................................................... 13

**Cases**

*ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*,
    672 F.3d 492 (7th Cir. 2012) .................................................................................................. 12

*Am. Airlines, Inc. v. Wolens*,
    513 U.S. 219 (1995) .............................................................................................. 9, 10, 11, 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................ 5

*Asset Exch. II, LLC v. First Choice Bank*,
    2011 IL App (1st) 103718, 953 N.E.2d 446 (Ill. App. Ct. 2011) ............................................. 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................ 5

*Cortina v. Hotel & Rest. Employees Union*,
    No. 06-CV-6850, 2008 WL 857165 (N.D. Ill. Mar. 31, 2008) (Dow, J.) ................................ 6

*David v. United Cont'l Holdings, Inc.*,
    Case: 2:15-cv-01926-SDW-LDW, 2015 WL 7573204 (D.N.J. Nov. 24, 2015) ..................... 10

*Graue Mill Dev. Corp. v. Colonial Bank & Trust Co. of Chi.*,
    927 F.2d 988 (7th Cir. 1991) ................................................................................................... 6

*Hammarquist v. United Cont'l Holdings, Inc.*,
    809 F.3d 946 (7th Cir. 2016) .......................................................................................... 2, 7, 8

*Hickcox-Huffman v. U.S. Airways, Inc.*,
    788 F. Supp. 2d 1036 (N.D. Cal. 2011) ............................................................................ 10, 11

*Hoffman v. Nationwide Mut. Ins. Co.*,
    No. 10-cv-3841, 2011 WL 3158708 (N.D. Ill. July 26, 2011) ................................................ 6

*Howell v. Alaska Airlines, Inc.*,
    994 P.2d 901 (Wash. Ct. App. 2000) ..................................................................................... 11

*Lagen v. United Cont'l Holdings, Inc.*,
    774 F.3d 1124 (7th Cir. 2014) ......................................................................................... passim

*Morales v. Trans World Airlines, Inc.*,
    504 U.S. 374 (1992) ............................................................................................................ 8, 9

*N. Trust Co. v. VIII S. Mich. Assocs.*,
    657 N.E.2d 1095 (Ill. App. Ct. 1995) ...................................................................................... 8

*Newman v. Spirit Airlines, Inc.*,
    No. 12 C 2897, 2012 WL 3134422 (N.D. Ill. Jul. 27, 2012) ............................................ 10, 12

*Northwest, Inc. v. Ginsberg*,
  134 S. Ct. 1422 (2014) ................................................................................................. 8, 9, 12

*Prof'l Towing & Recovery Operators of Ill. v. Box*,
  965 F. Supp. 2d 981 (N.D. Ill. 2013) (Dow, J.) ...................................................................... 9

*Rosenblum v. Travelbyus.com Ltd.*,
  299 F.3d 657 (7th Cir. 2002) .................................................................................................. 6

*Schultz v. United Airlines, Inc.*,
  797 F. Supp. 2d 1103 (W.D. Wash. 2011) ........................................................................... 12

*Spadoni v. United Airlines, Inc.*,
  --- N.E.3d ----, 2015 IL App (1st) 150458 (Ill. App. Ct. 2015),
  *pet. for leave to appeal denied*, No. 120411 (Ill. Mar. 30, 2016) ................................ 2, 3, 12, 13

*Statland v. Am. Airlines, Inc.*,
  998 F.2d 539 (7th Cir. 1993) ................................................................................................ 12

*Talbert v. Home Sav. of Am., F.A.*,
  638 N.E.2d 354 (Ill. App. Ct. 1994) ....................................................................................... 6

*Tierney v. Vahle*,
  304 F.3d 734 (7th Cir. 2002) .................................................................................................. 6

*Warner v. United Continental Holdings, Inc.*,
  Case No. 12-CH-42786 (Cir. Ct. Cook Cnty., Ill.) ................................................................ 1

*Wright v. Assocd. Ins. Cos.*,
  29 F.3d 1244 (7th Cir. 1994) .................................................................................................. 6

**Rules and Statutes**

Airline Deregulation Act of 1978,
  49 U.S.C. § 40101, *et seq.* ............................................................................................ passim

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 5, 6

Ill. Sup. Ct. R. 23 ......................................................................................................................... 1

Defendants United Continental Holdings, Inc. and United Airlines, Inc. (collectively, "United") respectfully submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff's Class Action Complaint (the "Complaint") in its entirety with prejudice.

## INTRODUCTION

In or about 1999 or 2000, Plaintiff Howard S. Neft paid $225 to become a "lifetime member" of United's Silver Wings Plus Program ("Silver Wings Plus" or the "Program"). (Compl. ¶¶ 7, 12.)[1] Plaintiff acknowledges that there is a "written agreement" that governs his Silver Wings Plus membership, and admits that he "no longer has copies of…or access to" the documents that allegedly constitute that agreement, or to the "key terms of the contract." (*Id*. ¶ 46.) Plaintiff nevertheless claims that United has breached this written agreement by "failing to provide" certain benefits – specifically, zoned airfares – to him and other lifetime members of Silver Wings Plus. (*Id*. ¶ 50.) In fact, however, the contract that governs Plaintiff's Silver Wings Plus membership – which United does have, and is submitting with this brief – *defeats* his claim, because it expressly permits United to change the Program's terms, policies, or conditions, and to withdraw or limit the availability of offers, at any time. (*See* Aff. of Brad Harraman (the "Harraman Aff."), attached as Exhibit 1, at Ex. A (9)-(10).)[2]

---

[1] Plaintiff's Class Action Complaint for Breach of Contract (Dkt. 1) is referred to as the "Complaint."

[2] United previously filed this Affidavit in support of its motion to dismiss another putative class action brought by a lifetime member of Silver Wings Plus, *Warner v. United Continental Holdings, Inc.*, Case No. 12-CH-42786 (Cir. Ct. Cook Cnty., Ill.). The court ultimately dismissed that case with prejudice, finding among other things that the terms and conditions attached to the Harraman Affidavit governed the action. (*See* Tr. of Proceedings Held on May 20, 2014, attached as Exhibit 2.) That decision was affirmed by the Illinois Appellate Court in an opinion issued pursuant to Illinois Supreme Court Rule 23.

The Seventh Circuit has held in two recent cases that when United reserves the right to change the terms of its loyalty programs at any time, it cannot breach its contract by doing so, even if it offered lifetime benefits to members. *See Lagen v. United Cont'l Holdings, Inc.*, 774 F.3d 1124, 1125-27 (7th Cir. 2014); *Hammarquist v. United Cont'l Holdings, Inc.*, 809 F.3d 946, 949-50 (7th Cir. 2016). As in those cases, Plaintiff here alleges that United acted precisely in the manner contemplated by the parties' contract, by changing various aspects of Silver Wings Plus. That cannot constitute a breach.

Independently, Plaintiff's claim is preempted by the Airline Deregulation Act of 1978 (the "ADA"), codified as amended at 49 U.S.C. § 40101, *et seq*. While the ADA allows litigants to bring suit to *enforce* an airline's self-imposed obligations, that is not what Plaintiff seeks here. Rather, Plaintiff seeks to *ignore* United's self-imposed obligations – which allow United to change the Program's terms, policies, or conditions, and to withdraw or limit the availability of offers, at any time – and to assert what is in effect a disguised consumer fraud claim. In addition, the ADA preempts Plaintiff's claim because he seeks a refund of his membership fee, but United undertook to provide a refund only within the first 90 days of membership. (*See* Harraman Aff., Ex. 1, at Ex. A (16).)

Finally, the ADA also preempts Plaintiff's claim that United breached the implied covenant of good faith and fair dealing. *Spadoni v. United Airlines, Inc.*, --- N.E.3d ----, 2015 IL App (1st) 150458, ¶¶ 2, 27-30 (Ill. App. Ct. 2015) (holding that the ADA preempts claims for breach of Illinois's implied covenant of good faith and fair dealing), *pet. for leave to appeal denied*, No. 120411 (Ill. Mar. 30, 2016), attached as Exhibit 3.

For all of these reasons, the Complaint should be dismissed with prejudice in its entirety.

**THE COMPLAINT AND UNITED'S SILVER WINGS PLUS PROGRAM**

A.     Plaintiff's Allegations.

Plaintiff alleges that in 1986, United launched Silver Wings Plus, a discount program targeted to the senior travel market.[3] (Compl. ¶¶ 2, 12.) To join Silver Wings, a person had to be at least 55 years old and pay a membership fee. (*Id*. ¶ 12.) The "primary benefit" and "biggest draw" of the Program, according to Plaintiff, was the ability to purchase "zone fares" that allowed Silver Wings Plus members and their companions to travel domestically and internationally at fixed low airfares. (*Id*. ¶¶ 13-14, 19.) Other benefits included travel discounts, double miles for booking reservations with travel partners, and discounts on partnered hotels, resorts, rental cars, and cruise lines. (*Id*. ¶ 13.)

Plaintiff asserts that these benefits "incentivized," "enticed," "motivated," and "induced" hundreds of thousands of seniors, including Plaintiff, to join Silver Wings Plus. (*Id*. ¶¶ 2, 17, 19-21.) After receiving promotional mailings regarding Silver Wings Plus, Plaintiff purchased a lifetime membership in 1999 or 2000, paying $225. (*Id*. ¶¶ 12, 18, 21.) According to Plaintiff, he and his wife took advantage of Silver Wings Plus's benefits, "travel[ing] to several places, domestically and internationally." (*Id*. ¶ 22.)

Plaintiff claims that "[a]s part of its efforts to minimize costs," United discontinued Silver Wings Plus in 2007. (*Id*. ¶¶ 3, 23.) More specifically, Plaintiff alleges that after April 2007, United announced that Silver Wings Plus would "no longer offer annual memberships" or "activate, renew or extend annual memberships." (*Id*. ¶¶ 23-24.) When it "terminated" the program, Plaintiff alleges, United provided refunds to Silver Wings Plus members with annual memberships for the unused portions of their memberships. (*Id*. ¶¶ 3, 25.) But as to lifetime members, United did not

---

[3] Plaintiff's well-pleaded factual allegations are taken as true for purposes of this Motion.

provide refunds, but rather "claimed that lifetime members would still have access to United's low, fixed zone fares, which was the primary benefit of the Program." (*Id*. ¶ 3; *see also id.* ¶¶ 26-28.)

Plaintiff claims that lifetime members cannot book trips with United's zone fares, and have not been able to do so since at least 2013. (*Id*. ¶ 30.) To support that contention, he alleges that he has unsuccessfully attempted to book a zone fares flight on "multiple occasions" within the last two years. (*Id*. ¶¶ 30-32.) He further alleges that United "no longer offer[s] the promised zone fares" and "has *de facto* the Silver Wings Program, cancelled and failed to provide the bargained-for benefits." (*Id*. ¶ 33.)

Thus, Plaintiff alleges, "United is failing to provide the bargained-for benefits it offered to lifetime members when they enrolled in the Program." (*Id*. ¶ 5; *see also id.* ¶ 33.) He purports to assert claims against United on behalf of a putative nationwide class for breach of contract, including the implied covenant of good faith and fair dealing. (*Id*. ¶¶ 35, 50-51.) He expressly "seek[s] damages only in the amount of [his] lifetime membership fee." (*Id*. ¶ 54.)

**B.     The Silver Wings Plus Terms and Conditions.**

Plaintiff acknowledges that his Silver Wings Plus membership is governed by a "written agreement" between him and United. (Compl. ¶ 46.) But Plaintiff "no longer has copies of…or access to" the agreement. (*Id*.) Rather, he alleges that United has copies of the written agreement between Plaintiff and United, including its "key terms." (*Id*.; *see also id.* ¶ 18.)

The written agreement governing Plaintiff's Silver Wings Plus membership is the Silver Wings Plus Terms and Conditions (the "Terms and Conditions" or the "Contract"). (*See* Harraman

Aff., Ex. 1, at Ex. A.)[4]  When Plaintiff purchased his lifetime membership in 1999 or 2000, the Silver Wings Plus Terms and Conditions provided as follows:

> 9. Silver Wings Plus and its partners reserve the right to substitute or withdraw any offers, or to limit their availability, at any time.
>
> 10. Terms, policies and conditions of Silver Wings Plus services are subject to change at any time.  United Airlines reserves the right to terminate the Silver Wings Plus program with 12 months' notice.

(*Id.* at Ex. A (9)-(10).)  In addition, the Terms and Conditions expressly provide that the membership fee is refundable only within the first 90 days of membership:

> 16. The membership fee is refundable during the first 90 days of membership only, upon return of complete membership kit, including membership card, United Airlines Travel Certificates and Partner Welcome Gift Certificates.  Any Mileage Plus bonus miles resulting from Silver Wings Plus enrollment will be forfeited.

(*Id*. at Ex. A (16).)

## ARGUMENT

**I.  Legal Standards.**

When considering a Rule 12(b)(6) motion to dismiss, a court must accept "factual matter" in the Complaint as true, but need not accept as true "bald allegations" or "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (rejecting "bald allegations" because they were "conclusory and not entitled to be assumed true"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Under that standard, a Complaint must be dismissed unless its well-pleaded factual allegations establish "a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim."  *Wright v. Assocd. Ins.*

---

[4] The Court may consider this written agreement in ruling on this Motion without converting the Motion to one for summary judgment because the agreement is referenced in the Complaint and is central to Plaintiff's breach of contract claim against United.  *See* Section I, *infra*.

*Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994); *see also Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (recognizing that "the usual example is a contract, in a suit for breach of contract"). This rule ensures that a plaintiff cannot "evade dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] that his claim ha[s] no merit." *Tierney*, 304 F.3d at 738. This Court may therefore consider the Silver Wings Plus Terms and Conditions in this breach of contract action without converting the Motion to one for summary judgment. *See, e.g., Wright*, 29 F.3d at 1248 (district court properly considered contract attached to motion to dismiss); *Hoffman v. Nationwide Mut. Ins. Co.*, No. 10-cv-3841, 2011 WL 3158708, at *3-4 (N.D. Ill. July 26, 2011) (Dow, J.) (considering contract attached to motion to dismiss); *Cortina v. Hotel & Rest. Employees Union*, No. 06-CV-6850, 2008 WL 857165, at *1 n.1 (N.D. Ill. Mar. 31, 2008) (Dow, J.) (same). In addition, where Plaintiff's allegations conflict with the Terms and Conditions, the Terms and Conditions control. *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co. of Chi.*, 927 F.2d 988, 991 (7th Cir. 1991); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002).

**II.    Plaintiff Cannot State a Breach of Contract Claim Because United Complied With the Terms and Conditions.**

A party cannot breach a contract by complying with its terms. *Asset Exch. II, LLC v. First Choice Bank*, 2011 IL App (1st) 103718, ¶ 37, 953 N.E.2d 446, 455 (Ill. App. Ct. 2011); *Talbert v. Home Sav. of Am., F.A.*, 638 N.E.2d 354, 358 (Ill. App. Ct. 1994); *Hoffman*, 2011 WL 3158708, at *8-9 (Dow, J.) (dismissing breach of contract claim because the plaintiff "failed to identify any contractual terms between the named Defendants and Plaintiffs that Defendants breached"). Plaintiff alleges that United promised him certain benefits as a lifetime member of Silver Wings Plus, and that United breached the parties' Contract by ceasing to provide him with those benefits. But the Terms and Conditions governing Silver Wings Plus when Plaintiff purchased his membership expressly allow United to change the Program at any time:

> Terms, policies and conditions of Silver Wings Plus services are subject to change at any time…
>
> Silver Wings Plus and its partners reserve the right to substitute or withdraw any offers, or to limit their availability, at any time.

(Harraman Aff., Ex. 1, at Ex. A (9)-(10).)

The Seventh Circuit has already held that when the terms and conditions governing an airline loyalty program allow the airline to change the program at any time, the airline cannot breach its contract by doing so, even if it offered lifetime membership. *Lagen*, 774 F.3d at 1125-27 (7th Cir. 2014). In *Lagen*, the plaintiff sued United for allegedly breaching its promise of lifetime benefits to passengers who flew more than one million miles. *Id*. at 1125-26. But the parties' contract, like the Silver Wings Plus contract here, allowed United to change the program at any time: "United has the right to terminate the Program, or to change the Program Rules, regulations, benefits, conditions of participation, or mileage levels, in whole or in part, at any time with or without notice….United may, among other things, withdraw, limit, modify, or cancel any award." *Id*. (ellipses in original). The Seventh Circuit held that the plaintiff could not "show a breach of the [contract's terms], because they have always allowed United to tinker with all details for the program." *Id.* at 1127.

Earlier this year, the Seventh Circuit relied on *Lagen* when it again upheld United's right to modify a loyalty program when it reserves the right to do so in its contract. *Hammarquist*, 809 F.3d at 949-50. In that case, the plaintiff sued United for changing the benefits available to premier members of United's frequent flyer program. *Id*. at 947-49. As the Seventh Circuit recognized, however, "United was allowed to modify the program benefits associated with the premier status levels of MileagePlus 'at any time,' so its decision to do so for the year 2012 was not a breach of contract." *Id*. at 950.

*Lagen* and *Hammarquist* foreclose Plaintiff's claims here. His contract with United allowed United to change Silver Wings Plus's terms, policies, and conditions "at any time," and to "substitute or withdraw any offers, or to limit their availability, at any time." (Harraman Aff., Ex. 1, at Ex. A (9)-(10).) And while Plaintiff complains that "United is failing to provide the bargained-for benefits it offered to lifetime members *when they enrolled in the program*" (Compl. ¶ 5 (emphasis supplied)), United did not promise to offer the benefits available when Plaintiff enrolled in the program for the remainder of Plaintiff's life. Instead, it expressly reserved the right to change the Program's terms. Plaintiff's allegations that United changed the benefits available to Silver Wings Plus members therefore cannot state a breach of contract claim as a matter of law, and his Complaint should be dismissed.[5]

### III. Plaintiff's Breach of Contract Claim is Preempted.

In addition, Plaintiff's so-called "breach of contract claim" is preempted by the ADA. The ADA "eliminated federal regulation of rates, routes, and services in order to allow those aspects of air transportation to be set by market forces." *Northwest, Inc. v. Ginsberg*, 134 S. Ct. 1422, 1430 (2014). The ADA also included a broad preemption provision "to prevent the States from undoing what the [ADA] was meant to accomplish."[6] *Id.*; *see also Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (explaining that the ADA "express[es] a broad pre-emptive purpose" that prevents litigants from asserting claims against an airline related to the airline's prices, routes, or services); *Prof'l Towing & Recovery Operators of Ill. v. Box*, 965 F. Supp. 2d

---

[5] For the same reason, Plaintiff cannot state a claim for breach of the implied covenant of good faith and fair dealing. *See N. Trust Co. v. VIII S. Mich. Assocs.*, 657 N.E.2d 1095, 1104 (Ill. App. Ct. 1995) (district court properly dismissed good faith and fair dealing claim because contract's express terms authorized conduct at issue).

[6] The ADA provides that a state "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1).

981, 991 (N.D. Ill. 2013) (Dow, J.) (recognizing that the ADA expresses a "broad pre-emptive purpose").

Confirming the breadth of ADA preemption, the Supreme Court has identified only a *limited* exception to ADA preemption that allows litigants to seek enforcement of the airline's own contractual undertakings:

> The ADA's preemption clause…stops States from imposing their own substantive standards with respect to rates, routes, or services, but not from affording relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated. This distinction between what the State dictates and what the airline itself undertakes *confines courts, in breach-of-contract actions, to the parties' bargain*, with no enlargement or enhancement based on state laws or policies external to the agreement.

*Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 232-33 (1995) (emphasis supplied). Thus, *Wolens* explained, a litigant may seek recovery "solely for the airline's alleged breach of its own, self-imposed undertakings." *Id*. at 228. Despite its label, Plaintiff's breach of contract claim does not fall within this narrow exception.

### A. Plaintiff Does Not Seek to Enforce United's Self-Imposed Obligation.

Although *Wolens* allows *some* breach of contract claims against airlines, its narrow exception to ADA preemption does not apply to claims like Plaintiff's that do not seek to enforce any of the airline's self-imposed undertakings.[7] *See, e.g., David v. United Cont'l Holdings, Inc.*, Case: 2:15-cv-01926-SDW-LDW, 2015 WL 7573204, at *4 (D.N.J. Nov. 24, 2015) (ADA preempts breach of contract claim that does not seek to enforce any of the airline's self-imposed

---

[7] There is no question that Plaintiff's claim – which alleges that United breached its contract by failing to provide lifetime Silver Wings Plus members with access to a certain type of fare – relates to United's prices, routes, or services. *Morales*, 504 U.S. at 388 (the ADA applies to claims that "bear[] a 'reference to' airfares"). In addition, it is well established that loyalty programs in general fall squarely within the ADA's preemption provision. *See, e.g., Wolens*, 513 U.S. at 226 (holding that claims regarding frequent flyer program related to "rates" and "services"); *Ginsberg*, 134 S. Ct. at 1430-31 (same); *Lagen*, 774 F.3d at 1128 (similar).

obligations); *Hickcox-Huffman v. U.S. Airways, Inc.*, 788 F. Supp. 2d 1036, 1041-42 (N.D. Cal. 2011) (same); *Newman v. Spirit Airlines, Inc.*, No. 12 C 2897, 2012 WL 3134422, at *2-3 (N.D. Ill. Jul. 27, 2012) (same).

United did not "itself stipulate" to or "self-impose" an obligation to provide the same benefits – let alone specific benefits such as zone fares – to lifetime members of Silver Wings Plus for the remainder of each member's life. Instead, it expressly reserved the right to change the Silver Wings Plus terms *at any time*. (Harraman Aff., Ex. 1, at Ex. A (9)-(10)); *Wolens*, 513 U.S. at 229, 232-33. As in *David*, "[i]nstead of seeking to enforce" United's contractual obligations, "Plaintiff requests this Court to find that United breaches its contracts when it acts precisely as it promises." *See David*, 2015 WL 7573204, at *4. The ADA allows plaintiffs to enforce, not ignore, an airline's self-imposed promises.

That Plaintiff's claim does not seek to enforce United's self-imposed obligations is further demonstrated by Plaintiff's allegations, which reveal that Plaintiff's claim is a disguised fraud claim. Rather than identify a specific contractual provision that United allegedly breached, Plaintiff complains that United "incentivized" (Compl. ¶ 19), "motivated" (*id*. ¶ 20), "induced" (*id*. ¶ 21) and "enticed" (*id*. ¶ 17) him to join Silver Wings Plus by offering certain benefits. But any argument that United's conduct was misleading or unfair "runs squarely into the [ADA]." *Lagen*, 774 F.3d at 1128; *see also Wolens*, 513 U.S. at 227 (the ADA preempts fraud claims against an airline). Indeed, the Seventh Circuit has warned against transforming fraud claims into contract disputes in order to avoid ADA preemption. *Lagen*, 774 F.3d at 1128 (holding that if the court "were to sanction the transformation of consumer fraud claims into contract disputes…[it] would fatally undermine the [ADA's] statutory scheme, which dictates that consumer fraud cases must be handled through the Department of Transportation").

United's self-imposed obligations to Plaintiff are set forth in the Terms and Conditions. Plaintiff's attempt to *avoid* the Terms and Conditions is not a breach of contract claim, it is an effort to end-run the ADA. His claim is preempted.

### B. Plaintiff Seeks a Refund That Enlarges United's Self-Imposed Obligation Under the Contract.

Independently, Plaintiff's claim is preempted because Plaintiff seeks a remedy that is contrary to the provisions of the parties' Contract. Plaintiff admits that his claim seeks *only* a refund of the Silver Wings Plus membership fee that he paid. (Compl. ¶ 6 ("Plaintiff…brings this class action seeking to recover the one-time $225 fee [he] paid to join the Program"); *Id.* ¶ 34 ("Mr. Neft…seeks to recover the $225 fee [he] paid to join the Program"); *Id.* ¶ 54 ("Plaintiffs (sic) and the Class members are seeking damages only in the amount of their lifetime membership fee").) But in the Contract, United self-imposed an obligation to provide refunds only within the first 90 days of membership:

> The membership fee is refundable during the first 90 days of membership only, upon return of complete membership kit, including membership card, United Airlines Travel Certificates and Partner Welcome Gift Certificates.

(Harraman Aff., Ex. 1, at Ex. A (16).) Because the parties' Contract expressly prohibits Plaintiff from obtaining a refund now – more than 15 years after he purchased a membership – Plaintiff's claim seeks to enlarge or enhance United's self-imposed obligation, and is preempted. *See Wolens*, 513 U.S. at 232-33; *Hickcox-Huffman*, 788 F. Supp. 2d at 1042 (ADA preempted claim seeking a refund of baggage fee because the contract did not "evidence a 'self-imposed undertaking' on the part of Defendant to refund [the] baggage fee"); *Howell v. Alaska Airlines, Inc.*, 994 P.2d 901, 904-05 (Wash. Ct. App. 2000) (ADA preempted claim for refund of non-refundable air transportation ticket because the plaintiffs' contracts with the airline "authorized the airline to take the action now challenged…the refusal to refund the purchase price of the ticket"); *Schultz v.*

*United Airlines, Inc.*, 797 F. Supp. 2d 1103, 1106 (W.D. Wash. 2011) ("Plaintiff's claims for a refund of the baggage fee as a result of the alleged breach of contract employ external state law to enlarge an existing agreement regarding baggage transport."); *see also Statland v. Am. Airlines, Inc.*, 998 F.2d 539, 541-42 (7th Cir. 1993) (before *Wolens*, holding that the ADA preempts claims challenging an airline's ticket refund practices). For this reason as well, Plaintiff's Complaint fails to state a claim and should be dismissed.

### IV. The ADA Preempts Plaintiff's Good Faith and Fair Dealing Claim.

Plaintiff alleges that United breached its Contract with Plaintiff and the putative class members by "failing to honor" its obligation of good faith and fair dealing. (Compl. ¶ 51.) The ADA preempts this claim as well. The United States Supreme Court has held that the ADA preempts a claim for breach of a state law covenant of good faith and fair dealing if the claim "seeks to enlarge the contractual obligations that the parties voluntarily adopt." *Ginsberg*, 134 S. Ct. at 1426. Applying *Ginsberg*, the Illinois Appellate Court recently held that the ADA preempts claims for breach of Illinois' implied covenant of good faith and fair dealing because the covenant is a state-imposed obligation, rather than one that parties voluntarily adopt. *Spadoni*, 2015 IL App (1st) 150458, ¶¶ 2, 27-30, *pet. for leave to appeal denied*, No. 120411 (Ill. Mar. 30, 2016); *see also Newman*, 2012 WL 3134422, at *4 (holding that the ADA preempts claims for breach of Illinois's covenant of good faith and fair dealing because "any attempt to enforce the implied covenant rather than a contractual provision is an attempt to enforce state law, not a voluntary undertaking"). *Spadoni* is the law in Illinois. *See ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 672 F.3d 492, 498 (7th Cir. 2012) ("In the absence of guiding decisions by the state's highest court, we *consult and follow* the decisions of intermediate appellate courts unless there is a convincing reason to predict the state's highest court would disagree.") (emphasis supplied). And there is no reason to believe that the Illinois Supreme Court would disagree with *Spadoni* – to the contrary, it

denied the Petition for Leave to Appeal in that case. *Spadoni* requires dismissal of Plaintiff's good faith and fair dealing claim.

## CONCLUSION

For the reasons set forth above, United respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: April 5, 2016

Respectfully submitted,

/s/ *Sondra A. Hemeryck*

Patricia Brown Holmes
Sondra A. Hemeryck
Tal C. Chaiken
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 W. Madison St., Suite 2900
Chicago, IL 60602
Tel: 312-471-8700
Fax: 312-471-8701
pholmes@rshc-law.com
shemeryck@rshc-law.com
tchaiken@rshc-law.com

*Attorneys for Defendants United Continental Holdings, Inc. and United Airlines, Inc.*

-13-

## CERTIFICATE OF SERVICE

  I, Sondra A. Hemeryck, certify that on April 5, 2016, I filed a copy of the foregoing document electronically using the Court's CM/ECF system, which will generate notice of this filing to all counsel of record.

             */s/ Sondra A. Hemeryck*
             Sondra A. Hemeryck